# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

Case No.: 1:22-cv-22064-JEM/Becerra

PAULETTA N. HIGGINS,

    Plaintiff,

v.

CITRUS HEALTH NETWORK, INC.,
*et al.*,

    Defendants.

_____/

## OMNIBUS REPORT AND RECOMMENDATION ON DEFENDANTS' MOTIONS TO DISMISS PLAINTIFF'S AMENDED COMPLAINT[1]

THIS CAUSE came before the Court on Defendant Citrus Health Network's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [14], and Defendant Miami-Dade County's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [15] (collectively, the "Motions to Dismiss"). Plaintiff Pauletta N. Higgins ("Plaintiff") filed a Response to both Motions, ECF No. [16], and Miami-Dade County filed a Reply, ECF No. [17]. After a review of the instant Motions to Dismiss, the pertinent portions of the record, and the relevant authorities, and for the reasons stated below, it is hereby **RECOMMENDED** that both Motions to Dismiss, ECF Nos. [14] and [15], be **GRANTED**. Plaintiff's Amended Complaint, ECF No. [13], should be dismissed with prejudice.

---

[1] This matter was referred to the undersigned by the Honorable Jose E. Martinez, United States District Judge, for a Report and Recommendation on all dispositive matters. ECF No. [6].

I.  **BACKGROUND**

Plaintiff filed her *pro se* Complaint on July 7, 2022, asserting, to the best of the Court's understanding, violations of both the Americans with Disabilities Act (ADA) and 42 U.S.C. § 1983, against Defendants Citrus Health Network and Miami-Dade County.  ECF No. [2].  The Complaint was handwritten, one page long, and alleged that Defendants "put [Plaintiff] in a rental property where [she] was shot by a tenant and had to seek . . . medical treatment[;]" placed her "on a top level [unit]" despite her unidentified disability; and "put [her] in a[n] infested property where bugs get . . . in [her] food[.]"  *Id.* at 1–2.  Plaintiff further stated that "[t]he cause of action is [f]orc[ing her] to live in a residence after a gunshot."  *Id.* at 2.

Defendants Citrus Health Network and Miami-Dade County filed motions to dismiss Plaintiff's Complaint, ECF Nos. [7], [8].  The District Court granted both motions to dismiss and dismissed the Complaint without prejudice.  ECF No. [11].  The Court explained that the Complaint was a shotgun pleading because it provided "vague and conclusory statements," failed "to separate 'each cause of action or claim for relief' into a different count," and asserted "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Id.* at 4–5.

Further, the Court found that the Complaint failed to state a claim under either the ADA or §1983 against Defendants.  *Id.* at 6–7.  Specifically, the Complaint failed to state a claim under the ADA because it failed to assert that "(1) there exists a public benefit, (2) either Defendant denied Plaintiff that benefit, or (3) the denial was due to Plaintiff's disability," or alternatively, that (1) "Defendants own a place of public accommodation pertinent to Plaintiff's claims," (2) "Defendants denied Plaintiff the 'full and equal enjoyment of the goods, services, facilities or privileges' Defendants offer, and" (3) "Defendants' denial, if any, was due to Plaintiff's

2

disability." *Id.* at 6–7. Additionally, the Complaint failed to state a claim under § 1983 because it did "not include any facts whatsoever that demonstrate that a policy set forth by [Miami-Dade] County caused Plaintiff any deprivation of a constitutional right," or that "Citrus Health acted 'under color of state law' nor that Plaintiff suffered any deprivation of a federal right." *Id.* at 7.

Given that Plaintiff filed her Complaint *pro se*, the Court granted leave to amend the Complaint to cure the deficiencies outlined in the Court's Order. *Id.* at 8. Specifically, the Court directed Plaintiff to:

> clearly describe each defendant's involvement in the alleged violations and provide specific facts regarding the alleged violations. Plaintiff shall allege her claims as to each defendant in separately numbered paragraphs and include the dates the alleged violations occurred. Moreover, Plaintiff must separate each claim for relief that arises under a distinct cause of action into a different count, as required by Federal Rule of Civil Procedure 10(b). Plaintiff must also describe the relief she seeks from this Court.

*Id.*

Thereafter, Plaintiff filed an Amended Complaint, which is the operative pleading herein. ECF No. [13]. Plaintiff's Amended Complaint asserts, to the best of the Court's understanding, a violation of the ADA only, as she removed all references to 42 U.S.C. § 1983. *See generally id.* Plaintiff alleges that Miami-Dade County "breach[ed] th[eir] duty" by hiring Citrus Health Network "to provide [her] accom[mo]dation for housing" because: (1) Plaintiff "use[s] a walker [as] medical equi[p]me[nt] to help [her] walk from a car accident" and was "place[d] on a top floor unit without elevators"; (2) Plaintiff was not offered "help[] find[ing] a new apartment"; (3) Plaintiff "was recently sexual[ly] assaulted because Cit[r]us and the County put rapists in [her] apartment] complex"; (4) Plaintiff experiences "bugs in [her] food [and] house that cause [her] to live and survive"; and (5) Plaintiff is now required to take "medication due to an infection that this rapist gave [her] which gets [her] sick every time [she] take[s] the pills." *Id.* ¶¶ 3–10. Plaintiff

3

also alleges that Citrus Health Network "breach[ed its] duty" by "ignoring all [of her] complaint[s], griev[a]nces when [she] inform[ed] them [she] was shot by a gun involving a ten[a]nt," and was injured as a result. *Id.* ¶ 2. Plaintiff summarizes her claim(s) by stating that she "was shot while under [the] care" of the CEO of Citrus Health Network, who Plaintiff alleges "is known as a government official[]," she "was sexual[ly] ass[a]ulted while under his care bugs sanitation disaster while under his care and he ignore[d] them all," "which le[d] to [her] bein[g] shot, rape[d] and living in a[n] unsanitary disaster." *Id.* ¶ 10. As to relief, Plaintiff seeks "a new apartment ADA accessible free from sanitation di[s]asters and not near rapists and hundreds of men where there is known of tort who shot [her] and sexual[ly] assaulted [her]." *Id.* ¶ 8.

Defendant Citrus Health Network filed a Motion to Dismiss the Amended Complaint. ECF No. [14]. Citrus Health Network argues that "[t]he Amended Complaint fails to contain a short and plain statement of the claim demonstrating Plaintiff's entitlement to relief," because "it appears Plaintiff is claiming Citrus Health ignored Plaintiff's complaints when she reported a gunshot by a tenant at her apartment building," but "Plaintiff did not provide any specific facts or the dates of that incident as instructed in the Court's prior dismissal Order." *Id.* at 3–4. Additionally, Citrus Health Network argues that "[t]he Amended Complaint also loosely alleges a sexual assault and claims Citrus Health and the County 'put rapists in [her] complex'" but fails to include specific facts to apprise the Defendants of the nature of that claim. *Id.* at 4. Finally, Citrus Health argues that the Amended Complaint also fails to state a claim under either the ADA or 42 U.S.C. § 1983. *Id.*

Defendant Miami-Dade County also filed a Motion to Dismiss the Amended Complaint, ECF No. [15]. Miami-Dade County argues that "Plaintiff's claims fail as a matter of law because she does not allege a cognizable ADA claim," as "[s]he fails to plead any facts remotely

establishing that she has been denied, <u>on the basis of her disability</u>, any services or assistance—much less that such a denial of services or assistance was due to any action on the County's part." *Id.* at 3–4 (emphasis in original). Additionally, Defendant Miami-Dade County argues that Plaintiff's Amended Complaint is, once again, a shotgun pleading, as it "improperly group[s] all defendants together and again fail[s] to put each on notice of the allegations against each one." *Id.* at 5. Miami-Dade County further notes that Plaintiff has "filed several frivolous actions under various iterations and spellings of her name" and argues that this is "a transparent attempt to circumvent the fact that she has been barred from filing in state court without furnishing $75,000.00 in security due to her status as a vexatious litigant[.]" *Id.* at 1–2.

Plaintiff filed one Response to both Motions to Dismiss (the "Response"), ECF No. [16]. Plaintiff does not respond directly to either Motion to Dismiss, but rather reasserts her claims that she was "shot with a gun," "denied medical treatment," and "sexual[ly] assaulted," due to the "failure of duty" of Defendants. *Id.* at 1–3. Plaintiff states that she "sue[s] for mon[etary] and pun[i]tive damage," due to being "tra[u]m[a]tized and liv[]ing with no treatment." *Id.* at 3. Finally, Plaintiff states summarily that Miami-Dade County has "fail[ed] the[ir] duty once before when filing misleading information and is continuing Exhibit #1." *Id.* Exhibit 1 is an Order from another case in this District involving Plaintiff and different defendants, which is attached for an unspecified proposition. *See* ECF No. [16-1].

Defendant Miami-Dade County filed a Reply in Support of its Motion to Dismiss. ECF No. [17]. Miami-Dade County argues that Plaintiff failed to address any arguments for dismissal. *Id.* at 1. Miami-Dade County argues that "there is no clear cause or causes of action, there are no counts or claims numbered in any way or otherwise itemized in the [Amended Complaint], and it is virtually impossible to decipher how the County is responsible for any of the issues Plaintiff

5

seems to have in both her Amended Complaint and her Response." *Id.* at 1–2. Finally, because Plaintiff "has been given multiple bites at the apple" Miami-Dade County requests that the Amended Complaint be dismissed with prejudice. *Id.* at 2–3.

## II. LEGAL STANDARD

Rule 8(a) of the Federal Rules of Civil Procedure only requires a short and plain statement of the claim and, as such, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A pleading is facially plausible when it states enough facts for the court to draw a "reasonable inference that the defendant is liable for the" alleged conduct. *Id.* The factual allegations must provide more than a "sheer possibility." *Id.* When reviewing a motion to dismiss, a court must view the complaint in the light most favorable to the plaintiff and accept the plaintiff's well-pleaded facts as true. *Hunt v. Aimco Props., L.P.*, 814 F.3d 1213, 1221 (11th Cir. 2016). However, a court need not accept a plaintiff's legal conclusions as true. *Sinaltrainal v. Coca–Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamed v. Palestinian Auth.*, 566 U.S. 449 (2012).

"Shotgun pleadings violate Rule 8, which requires 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Fed. R. Civ. P. 8(a)(2), by 'fail[ing] to one degree or another . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.'" *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294–95 (11th Cir. 2018) (citing *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015)). Shotgun pleadings "include complaints that: (1) 'contain multiple counts where each count adopts the allegations of all preceding counts'; (2) do not re-allege all the [preceding] counts but are

'replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action'; (3) do not separate each cause of action or claim for relief into separate counts; or (4) in a multi-defendant action, contain counts that present a claim for relief without specifying which defendants the claim is brought against." *Sarhan v. Miami Dade College*, 800 F. App'x 769, 771–72 (11th Cir. 2020) (citing *Weiland*, 792 F.3d at 1321–23). "A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds.'" *Id.* (citing *Weiland*, 792 F.3d at 1320). Moreover, this Court must construe *pro se* pleadings liberally. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But "this leniency does not give a court license to serve as de facto counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *Alford v. Consol. Gov't of Columbus*, 438 F. App'x 837, 839 (11th Cir. 2011) (quoting *GJR Invs., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

### III.   ANALYSIS

The Court finds that Plaintiff's Amended Complaint should be dismissed with prejudice, both as a shotgun pleading and for failure to state a claim. In its prior Order dismissing Plaintiff's Complaint without prejudice, the District Court granted Plaintiff leave to amend, and ordered Plaintiff to (1) "clearly describe each defendant's involvement in the alleged violations"; (2) "provide specific facts regarding the alleged violations"; (3) "allege her claims as to each defendant in separately numbered paragraphs"; (4) "include the dates the alleged violations occurred"; (5) "separate each claim for relief that arises under a distinct cause of action into a different count, as required by Federal Rule of Civil Procedure 10(b)"; and (6) "describe the form of relief she seeks from this Court." ECF No. [11] at 8. Plaintiff's Amended Complaint fails nearly all of these directives.

First, Plaintiff did not cure her shotgun pleading through the Amended Complaint. Plaintiff alleges vaguely that each defendant "breach there duty" [sic.] but fails to allege what each duty entailed, how the duty was breached, or the dates of the alleged breaches. *See* ECF No. [13] at 1–5. Plaintiff does not separate her allegations into separate counts, and fails to state clearly what claim(s) are being alleged at all. Specifically, while it appears that Plaintiff's initial Complaint attempted to bring claims for violations of both the Americans with Disabilities Act (ADA) and 42 U.S.C. § 1983, Plaintiff has since removed all references to 42 U.S.C. § 1983, and instead refers vaguely to the "ADA," "breach[es] [of] duty," and violations of "human rights." *Id.* As to relief, the Amended Complaint states only that Plaintiff seeks "rel[ie]f of a new apartment ADA accessible[,] free from sanitation di[s]asters and not near rapists and hundreds of men where there is known of tort who shot me and sexual[ly] assaulted me," while in her Response, Plaintiff states inconsistently that she "sue[s] for mon[eta]ry and pun[i]tive damage." *See* ECF Nos. [13] at 3, [16] at 3.

Additionally, Plaintiff did not cure her failure to state a claim in the Amended Complaint. Even presuming that Plaintiff is attempting to state a claim for violation of the ADA, Plaintiff failed to heed the District Court's direction and establish the requisite elements of any such claim. Although the District Court clearly outlined the difference between a claim for violation of Title II or Title III of the ADA, and the elements accompanying each, Plaintiff references neither title in the Amended Complaint. Even if Plaintiff were asserting a claim under Title II, Plaintiff still has not asserted: (1) what, if any, public benefit exists; (2) that either Defendant denied Plaintiff that benefit; or (3) that the denial was due to Plaintiff's disability. *See* ECF No. [11] at 6 (citing *Kornblau v. Dade Cnty.*, 86 F.3d 193, 194 (11th Cir. 996)). If Plaintiff were instead asserting a claim under Title III of the ADA, Plaintiff still has not asserted (1) whether either Defendant owns

a place of public accommodation pertinent to Plaintiff's claims; (2) that Defendants denied Plaintiff the "full and equal enjoyment of the goods, services, facilities or privileges" Defendants offer; or that (3) Defendants' denial, if any, was due to Plaintiff's disability. *Id.* at 6–7 (citing *Schiavo ex rel. Schindler v. Shiavo*, 403 F.3d 1289, 1299 (11th Cir. 2005)). Further, Plaintiff fails to identify the apartment structure at issue, her dates of residence, her dates of alleged complaints lodged with either Defendant, and other necessary information for Defendants to formulate a meaningful response to the allegations.

The Court is mindful that Plaintiff is proceeding *pro se* in this matter, however, "[t]hough we liberally construe pleadings from *pro se* litigants, that a litigant opts to represent themselves *pro se* does not excuse their noncompliance with procedural rules." *Sarhan*, 800 F. App'x at 771 (citing *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007)). With this in mind, the District Court permitted Plaintiff to amend her Complaint once already to conform with the standards clearly outlined in the Court's Order. *See* ECF No. [11]. However, as the District Court warned, "failure to comply with this Order may result in the dismissal of the action[.]" *Id.* at 9. Because Plaintiff has failed to cure the deficiencies in her Complaint, the Amended Complaint once again presents a shotgun pleading which also fails to state a claim for relief. The undersigned therefore recommends that the Motions to Dismiss be **GRANTED** and that Plaintiff's Amended Complaint be **DISMISSED WITH PREJUDICE**.

## IV. RECOMMENDATIONS

For the reasons noted above the Court **RECOMMENDS** that Defendant Citrus Health Network's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [14], and Defendant Miami-Dade County's Motion to Dismiss Plaintiff's Amended Complaint, ECF No. [15], both be

**GRANTED**. Plaintiff's Amended Complaint, ECF No. [13] should be **DISMISSED WITH PREJUDICE**.

V. **OBJECTIONS**

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Judge for the Southern District of Florida, no later than **FOURTEEN (14) DAYS** from the date of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Report and Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1)(C); *Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers at Miami, Florida on August 1, 2023.

_____
**JACQUELINE BECERRA**
**UNITED STATES MAGISTRATE JUDGE**